UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2016 JAN -7 PM 2: 12

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

SHIVA STEIN,

     Plaintiff,

  - against -

VISA INC.,

     Defendant.

CIVIL ACTION NO.

## CV 16 ———— 0081

GLASSER, J.

REYES, M.J.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## ORDER TO SHOW CAUSE

**BARRACK, RODOS & BACINE**
A. Arnold Gershon
Michael A. Toomey
11 Times Square, 640 8th Ave.
10th Floor
New York, NY 10036
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

*Attorneys for Shiva Stein*

Dated: January 7, 2016

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 1

ARGUMENT .................................................................................................................... 2

    I.    Plaintiff Is Likely to Succeed on the Merits of Her Claims Because Proposals 3 and 4
           Frustrate Fair Corporate Suffrage in Direct Violation of Rule 14a-9 ................................ 3

    II.   Plaintiff Will Suffer Irreparable Harm ............................................................... 6

    III.  The Balance of Hardships Tips Decidedly in Plaintiff's Favor ........................... 7

    IV.  The Public Interest Will Be Served by the Preliminary  Injunction .................... 8

CONCLUSION ................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) ...............................................................3

*Greenlight Capital, L.P. v. Apple, Inc.*, No. 13 CIV. 900 RJS, 2013 WL 646547 (S.D.N.Y. Feb. 22, 2013).........................................................................................................................7, 8

*In re Pure Res., Inc., Shareholders Litig.*, 808 A.2d 421 (Del. Ch.2002) ......................................6

*In re Staples, Inc. Shareholders Litig.*, 792 A.2d 934 (Del. Ch.2001) ..........................................6

*J. I. Case Co. v. Borak*, 377 U.S. 426, 84 S. Ct. 1555, 1559, 12 L. Ed. 2d 423 (1964) ................4

*Kaufman v. Allemang*, 70 F. Supp. 3d 682 (D. Del. 2014)...............................................................6

*Koppel v. 4987 Corp.*, 167 F.3d 125 (2d Cir. 1999)...................................................................4, 8

*Mony Group, Inc. v. Highfields Capital Mgmt.*, L.P., 368 F.3d 138 (2d. Cir. 2004) .................6, 7

*Nat'l Elevator Cab & Door Corp v. H & B, Inc.*, 282 Fed. Appx. 885 (2d. Cir 2008) ...................3

*ODS Technologies, L.P. v. Marshall.*, 832 A.2d 1254 (Del. Ch. 2003) ..........................................6

*Resnik v. Swartz*, 303 F.3d 147 (2d Cir. 2002)...............................................................................4

*Resnik v. Woertz*, 774 F. Supp. 2d 614 (D. Del. 2011)...................................................................6

*Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) ............................................................................3

*See Lone Star Steakhouse & Saloon, Inc. v. Adams*, 148 F.Supp.2d 1141 (D.Kan.2001) ..............8

*Seinfeld v. Becherer*, 461 F.3d 365 (3d Cir. 2006) ........................................................................4

*Seinfeld v. Gray*, 404 F.3d 645 (2d Cir. 2005) ..............................................................................4

*Shaev v. Saper*, 320 F.3d 373 (3d Cir. 2003)..................................................................................5

*St. Louis Police Retirement System v. Severson*, 2012 WL 5270125 (N.D. Cal. Oct. 23, 2012)....8

*TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976)............4

*United Paperworkers Int'l Union v. International Paper Co.*, 985 F.2d 1190 (2d Cir.1993).........3

*Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991) 4

*Wali v. Coughlin*, 754 F.2d 1015 (2d Cir. 1985) ............................................................3

**Statutes**

Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) ....................................................3

**Regulations**

17 C.F.R. § 240.14a-101 ..........................................................................................1, 2, 4

17 C.F.R. § 240.14a-3 ..................................................................................................2

SEC Rule 14(a)-9, 17 C.F.R. § 240.14a-9 .......................................................................3

Plaintiff Shiva Stein respectfully submits this memorandum of law in support of her order to show cause for a preliminary injunction under Federal Rule of Civil Procedure 65.

## PRELIMINARY STATEMENT

Plaintiff, a stockholder of Defendant Visa Inc., a Delaware corporation ("Visa" or the "Company"), brings this motion to enjoin Visa from certifying or otherwise accepting any vote cast, by proxy or in person, for or on behalf of any Visa stockholder in connection with the third and fourth proposals in Visa's proxy statement furnished on December 11, 2015 (the "Proxy Statement") or presenting the third and fourth proposals in the Proxy Statement for a stockholder vote at the February 3, 2016 annual meeting.  Plaintiff also seeks an injunction requiring Visa to comply with the disclosure rules promulgated by the United States Securities and Exchange Commission ( "SEC") under the Exchange Act, including 17 C.F.R. § 240.14a-101 (Item 10(a)(1)) ("Item 10(a)(1)") with regard to the third and fourth proposals to the Proxy Statement, which will require Visa to furnish an amended proxy statement concerning these proposals providing the information required by Item 10(a)(1).  Specifically with regard to these proposals, Visa must provide "the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation." *Id.*

## STATEMENT OF FACTS

On December 11, 2015, Visa furnished its stockholders with the Proxy Statement.  The Proxy Statement recommends that stockholders vote "for" five Company proposals.

Proposal 3 of the Proxy Statement requested stockholder approval of the Visa Inc. 2007 Equity Incentive Compensation Plan, as amended and restated (the "EIP").  Proposal 4 of the

1

Proxy Statement requested stockholder approval of the Visa Inc. Incentive Plan, as amended and restated (the "VIP").

SEC regulation 17 C.F.R. § 240.14a-3(a), requires that public companies may not solicit stockholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A."  Item 10(a)(1) requires:

Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

(a) Plans subject to security holder action.

(1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

The Proxy Statement at issue here failed to disclose the approximate number of participants in each class of eligible participants and the bases of their participation for the EIP and the VIP.  Thus, these proposals do not comply with the SEC regulations.

By this motion, Plaintiff respectfully asks the Court to enjoin Visa from certifying or otherwise accepting any vote cast, by proxy or in person, for or on behalf of any Visa stockholder in connection with the third and fourth proposals to Visa's Proxy Statement or presenting the third and fourth proposals to the Proxy Statement for a stockholder vote at the February 3, 2016 annual meeting. Plaintiff also seeks an injunction requiring Visa to comply with Item 10(a)(1).

## ARGUMENT

A preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure should issue where the movant shows that (1) it is likely to succeed on the merits of the claim; (2) it is likely to suffer irreparable injury in the absence of an injunction and remedies at law, such as

2

monetary damages, are inadequate to compensate the movant for its injury; (3) the balance of

hardships tips in the movant's favor; and (4) the public interest would not be disserved by the

issuance of a preliminary injunction. *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (citing

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)) (discussing preliminary injunction

standard).

> **I. Plaintiff Is Likely to Succeed on the Merits of Her Claims Because Proposals 3 and 4 Frustrate Fair Corporate Suffrage in Direct Violation of Rule 14a-9**

"[T]o establish a likelihood of success on the merits of its litigation, [the movant] need

only show that its probability of prevailing was 'better than 50 percent.'" *Nat'l Elevator Cab &*

*Door Corp v. H & B, Inc.*, 282 Fed. Appx. 885, 888 (2d. Cir 2008) (quoting *Wali v. Coughlin*,

754 F.2d 1015, 1025 (2d Cir. 1985)).

Plaintiff is likely to succeed on the merits of Claims because Visa's conduct herein is in

violation Rule 14a-9, 17 C.F.R. § 240.14a-9. Section 14(a) of the Exchange Act provides that

"[i]t shall be unlawful for any person ... in contravention of such rules and regulations as the

[SEC] may prescribe ... to solicit ... any proxy or consent or authorization in respect of any

security ... registered pursuant to ... this title." Securities Exchange Act of 1934, 15 U.S.C. §

78n(a). Rule 14a–9(a) promulgated thereunder provides that:

> No solicitation subject to this regulation shall be made by means of any proxy statement ... containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading....

17 C.F.R. § 240.14a-9. "A fact is material for purposes of Rule 14a–9 "'if there is a substantial

likelihood that a reasonable shareholder would consider it important in deciding how to vote.'"'"

*United Paperworkers Int'l Union v. International Paper Co.*, 985 F.2d 1190, 1198 (2d Cir.1993)

3

(quoting *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1090, 111 S.Ct. 2749, 115

L.Ed.2d 929 (1991) (quoting *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct.

2126, 48 L.Ed.2d 757 (1976))).   A private right of action under Rule 14a–9 is well established.

*J. I. Case Co. v. Borak*, 377 U.S. 426, 431, 84 S. Ct. 1555, 1559, 12 L. Ed. 2d 423 (1964);

*Koppel v. 4987 Corp.*, 167 F.3d 125, 131 (2d Cir. 1999).

"[The] omission of information from a proxy statement will violate [section 14(a) of the

Exchange Act and Rule 14a–9] if either the SEC regulations specifically require disclosure of the

omitted information in a proxy statement, or the omission makes other statements in the proxy

statement materially false or misleading." *Resnik v. Swartz*, 303 F.3d 147, 151 (2d Cir. 2002)

(Amon, J.); *see also Seinfeld v. Gray*, 404 F.3d 645, 650 (2d Cir. 2005) (same, citing *Resnik*); *see

also Seinfeld v. Becherer*, 461 F.3d 365, 369 (3d Cir. 2006) ("The 'omission of information from

a proxy statement will violate [§ 14(a) and Rule 14a-9] if ... the SEC regulations specifically

require disclosure of the omitted information in a proxy statement.'")

As noted above, Item 10(a)(1) is a rule of the SEC requiring specific disclosures in any

proxy statement requesting stockholder approval of a compensation plan.  Proposals 3 and 4 of

the Visa Proxy Statement requested stockholder approval of the EIP and the VIP, two Company

compensation plans.  Thus, Item 10(a)(1) required that Visa "[d]escribe briefly the material

features of the plan being acted upon, identify each class of persons who will be eligible to

participate therein, indicate the approximate number of persons in each such class, and state the

basis of such participation."  Visa has not provided such information in its Proxy Statement.

Nowhere in the Proxy Statement does Visa provide the "approximate number of persons" in each

class of persons who are eligible to participate in the EIP or the VIP, and nowhere in the Proxy

Statement does Visa "state the basis of such participation" in these plans.

4

With regard to the EIP, Visa merely states that "[a]s of September 30, 2015,
approximately 10,950 employees, directors and consultants were eligible for awards under the
EIP." Thus, the EIP does not provide approximate number of persons in each class or the basis
of their participation.

With regard to the VIP, the Proxy Statement confusingly reports,

> **Eligibility and Participation**. Unless otherwise determined by the
> Compensation Committee, all of our regular full-time and part-time active
> employees who are employed no later than July 1, and for a minimum of three
> months, of a plan year, or performance period, which corresponds with our fiscal
> year, are eligible to participate in the VIP unless they participate in another annual
> incentive plan. In addition, subject to certain exceptions, employees must be
> employed on the date the Compensation Committee or our Chief Executive
> Officer, as applicable, determines the amount of the individual awards under the
> VIP. Temporary employees, leased employees, consultants and independent
> contractors are not eligible to participate in the VIP.

Thus, the VIP does not provide any number regarding the eligible participants, and it also fails to
provide the basis of these participants' participation.

As noted above, because this information is specifically required by the SEC regulations,
it is material to stockholders, and its omission constitutes a violation of Rule 14a-9. Moreover,
as the Third Circuit stated with regard to this specific regulation, allegations that the number of
participants has been omitted from a proxy statement that requests approval of a compensation
plan that will reward such participants "raise[s] important questions pertaining to material
violations of the Securities Exchange Commission's Regulations." *Shaev v. Saper*, 320 F.3d
373, 384 n.10 (3d Cir. 2003). The District of Delaware has echoed these sentiments in two
recent decisions.

> The number of individuals in a particular class who are eligible to participate in
> the 2009 Plan would likely be considered material information by investors
> wanting to know the extent and impact of the 2009 Plan, and this information is
> treated as material under the regulations cited by Resnik. The court concludes that

5

Resnik sufficiently pleads the materiality of the Proxy Statement's omission of how many consultants and advisors are covered by the 2009 Plan.

*Resnik v. Woertz*, 774 F. Supp. 2d 614, 631 (D. Del. 2011)

> [T]he 2012 proxy statement can be read to articulate several "classes" of persons eligible to participate in the proposed compensation plan, to wit, "officers, executives, and other employees of Dow or its subsidiaries and Dow's non-employee directors." (D.I. 14, ex. P at 52) Although the form 10–K materials described the "personnel count" of total employees, the approximate number of eligible participants in **each class** was nowhere articulated.
>
> **Conclusion.** At this stage of the proceedings, where there may be issues of fact that need to be developed, I will grant the motion for reconsideration and deny defendants' motion to dismiss in this regard. An appropriate order shall issue.

*Kaufman v. Allemang*, 70 F. Supp. 3d 682, 699 (D. Del. 2014) (emphasis in original).

### II. Plaintiff Will Suffer Irreparable Harm

"In passing *Section 14(a)*, Congress sought to avoid a very particular harm – the solicitation of shareholder proxies without adequate disclosure.  The SEC rules promulgated under *Section 14(a)* are intended to level somewhat the playing field for proxy contestants and to force disclosures that promote informed shareholder voting." *Mony Group, Inc. v. Highfields Capital Mgmt.*, L.P., 368 F.3d 138, 147-48 (2d. Cir. 2004).

Plaintiff will suffer irreparable harm if she is forced to vote on Proposals 3 and 4 without full and accurate information regarding participation in the EIP and VIP compensation plans. "The threat of an uninformed stockholder vote constitutes irreparable harm." *ODS Technologies, L.P. v. Marshall.*, 832 A.2d 1254, 1262 (Del. Ch. 2003). "[I]rreparable injury is threatened when a stockholder might make a tender or voting decision on the basis of materially misleading or inadequate information." *In re Pure Res., Inc., Shareholders Litig.*, 808 A.2d 421, 452 (Del. Ch. 2002).  Generally, disclosure deficiencies cannot be remedied effectively by an "after-the-fact damages" case. *In re Staples, Inc. Shareholders Litig.*, 792 A.2d 934, 960 (Del. Ch.2001).

6

Thus, "[i]t is appropriate for the court to address material disclosure problems through the issuance of a preliminary injunction that persists until the problems are corrected." *Id.*  As the Second Circuit states,

> we do have a strong preference for an injunctive remedy over damages for violations of the proxy rules. The reasons for such a preference are sound: The courts should provide parties with no encouragement to sit on live claims until after a shareholder vote, hoping to collect damages and attorneys' fees from proxy violations that a registrant might willingly correct before the vote.

*Koppel*, 167 F.3d at 137 (citations omitted).   Moreover, an enjoining the votes at a later date –

after the uninformed votes take place on February 3, 2016 – would likely lead to further injury

because these votes will allow Visa to begin awarding compensation from the EIP and VIP,

actions that would be difficult, if not impossible, for the Court to unwind. *See Greenlight*

*Capital, L.P. v. Apple, Inc.*, No. 13 CIV. 900 RJS, 2013 WL 646547, at *9 (S.D.N.Y. Feb. 22,

2013) (finding irreparable harm because "if the Court were to issue an injunction at a later date,

it is unclear whether or how Apple could unwind shareholder ratified amendments to its

Articles—amendments that may trigger filings with the California Secretary of State, as well as

multiple other states' agencies regarding the par value amendment.").

Here, Plaintiff has insufficient information upon which to judge whether or not to vote

for or against Proposals 3 and 4.  Plaintiff's right to vote would be irreparably injured if the vote

were to go forward under these circumstances.

### III. The Balance of Hardships Tips Decidedly in Plaintiff's Favor

The balance of hardships here tips decidedly in favor of Plaintiff.  Without corrective

disclosures regarding Proposals 3 and 4, Plaintiff will be deprived of the fundamental right that

Section 14(a) is supposed to guarantee: the right to "informed shareholder voting." *See MONY*

*Group*, 368 F.3d at 147-48 ("the SEC rules promulgated under Section 14(a) are intended to

level somewhat the playing field for proxy contestants and to force disclosures that promote informed shareholder voting"). "A fully informed shareholder vote in compliance with Section 14(a) of the Securities Exchange Act [] is in the best interests of shareholders and the shareholding public generally." *St. Louis Police Retirement System v. Severson*, 2012 WL 5270125, at *6 (N.D. Cal. Oct. 23, 2012).

By contrast, Defendant will suffer little or no harm from being required to amend and distribute a more expansive proxy statement containing the full and accurate information regarding the participation in the EIP and VIP. Defendant should not be heard to suffer harm from having to comply with SEC regulations that are known, public, easily ascertainable and which are constructed for the benefit of stockholders. *See Greenlight Capital*, 2013 WL 646547, at *10 ("Apple strenuously objects that an injunction would mark "an unprecedented interference [into] the exercise of corporate suffrage by one of the most respected companies in America." (Tr. 32:3–5.) But Apple fails to acknowledge that this "interference" occurred more than ten years ago when the SEC adopted the "unbundling" rules; the Court now simply requires compliance with the clear dictates of those rules…").

## IV. The Public Interest Will Be Served by the Preliminary Injunction

Here, the public interest is served by the issuing of an injunction because an injunction will prevent violations of the securities laws. *See Lone Star Steakhouse & Saloon, Inc. v. Adams*, 148 F.Supp.2d 1141, 1150 (D.Kan.2001) ("assuming the existence of materially misleading information, a full disclosure of such information, prior to any vote based thereon, will best serve the shareholding public"); *see also St. Louis Police Ret. Sys.*, 2012 WL 5270125, at *6; *see also Koppel*, 167 F.3d at 137 (expressing Second Circuit's preference for injunctive remedy with regard to proxy statement disclosure issues).

8

The violations to Securities Laws at issue here can be corrected quickly and effectively by this Court's grant of injunctive relief.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion should be granted in all respects, along with such other and further relief as the Court deems just and proper.

Dated: January 7, 2016

BARRACK, RODOS & BACINE

By:

A. Arnold Gershon
Michael A. Toomey
11 Times Square, 640 8th Ave.
New York, NY 10036
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

*Attorneys for Shiva Stein*

9